## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **DAKOTA SCHUMACHER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:23-cv-01136** |
| | § | |
| **PATTAR TRANSPORT, INC. and** | § | |
| **MARK OLIN MURRAY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF'S MOTION IN LIMINE

Before the Voir Dire Examination of the Jury Panel, Plaintiff DAKOTA SCHUMACHER seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues of the case. If Defendants PATTAR TRANS, INC. and/or MARK OLIN MCMURRAY, injects these matters in the case through a party, an attorney, or a witness, Defendants will cause irreparable harm to Plaintiff's case that no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendants makes this Motion in Limine.

### I.

### GROUNDS

Plaintiff asks the Court to prohibit Defendants from offering any of the following matters without first asking from a ruling from the Court, outside the jury's presence on admissibility of the matter.

1.      Any evidence, statement, or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* FED. R. EVID. 408.

Granted _____ Denied _____ Agreed _____

2.      Any evidence from an expert witness who was not identified as a testifying expert in disclosures and was not timely designated. *See Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 202–03 (1st Cir. 1996); *Alldread v. City of Grenada*, 988 F.2d 1425, 1435–36 (5th Cir. 1993).

Granted _____ Denied _____ Agreed _____

3.      Any opinion of an expert witness that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

Granted _____ Denied _____ Agreed _____

4.      Any evidence, statement, or argument offering any expert opinion or expert, or referral to the same, not disclosed prior to the Court ordered expert deadline.

Granted _____ Denied _____ Agreed _____

5.       Any evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769–70 (8th Cir. 1994).

Granted _____ Denied _____ Agreed _____

6.      Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

Granted _____ Denied _____ Agreed _____

7.      Any attempt to ask Plaintiff's attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

Granted _____ Denied _____ Agreed _____

8.       Any evidence, statement, or argument that Plaintiff's attorney has a contingency fee or any kind of fee and who is paying the expenses in connection with this litigation.

Granted _____ Denied _____ Agreed _____

9.       Any evidence, statement, or argument that Plaintiff received free medical care.

Granted _____ Denied _____ Agreed _____

10.       Any questions to Plaintiff regarding the billing practices of healthcare providers and/or whether he has ever received a bill or paid any medical expenses.

Granted _____ Denied _____ Agreed _____

11.       Any reference to collateral sources, including medical insurance benefits, or evidence, statement or argument that Plaintiff did not use his medical insurance.

Granted _____ Denied _____ Agreed _____

12.       Any evidence, statement, or argument that Plaintiff's medical billing affidavits were not reasonable or necessary charges because no expert has been designated to refute the charges and no affidavits have been filed controverting the reasonableness of the charges.

Granted _____ Denied _____ Agreed _____

13.       That no mention be made of the effect or result of a claim, suit or judgment upon medical costs, insurance rates, premiums, or charges, either generally or as particularly applied to the party in question as the result of this or any other matter.

Granted _____ Denied _____ Agreed _____

14.     That Defendants do not mention or elicit any answer from Plaintiff that would inquire into communication privileged by the attorney/client relationship. Including, but not limited to, matters concerning the time or circumstances under which the Plaintiff sought or obtained medical treatment.

Granted _____ Denied _____ Agreed _____

15.     Any legal theory or defense, or the factual basis therefore, not properly or timely disclosed in response to requests for disclosure.

Granted _____ Denied _____ Agreed _____

16.     Any attempt at placing blame on a third party, including PJ Tiwana, that is not a party to the lawsuit and that was never properly or timely designated by Defendants.

Granted _____ Denied _____ Agreed _____

## II.

## <u>CONCLUSION</u>

For these reasons, Plaintiff DAKOTA SCHUMACHER asks the Court to instruct Plaintiff and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly, or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Defendants and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

**MILLER COPELAND, LLP**

By:    _/s/J. Robert Miller, Jr._
       **J. ROBERT MILLER, JR.**
       Attorney-in-Charge
       State Bar No. 14092500
       rmiller@millercopeland.com
       **EMILY G. COPELAND**
       State Bar No. 24107716
       ecopeland@millercopeland.com

400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

And

**RON C. MCCALLUM & ASSOCIATES, PLLC**
RON C. MCCALLUM
State Bar No. 24041424
info@mccallumfirm.com
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 702-0555
FAX: (214) 594-9618

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record in this cause on this 4th day of March, 2025, in accordance with the Federal Rules of Civil Procedure.

*/s/Emily G. Copeland*_____
**EMILY G. COPELAND**

***VIA E-SERVICE***
Daniel J. Paret
Wood Smith Henning & Berman, LLP
14860 Landmark Blvd.
Suite 120
Dallas, Texas 75254
--COUNSEL FOR DEFENDANTS